FILED
99 MAR -3 PM 1:56
CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

# CIVIL RIGHTS COMPLAINT FORM

FOR USE IN ACTIONS UNDER 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT FOR THE

Middle [redacted] DISTRICT OF FLORIDA

Tampa DIVISION

1. DERRICK T. WILLIAMS DC# 535404,
2. ______________________________,
3. ______________________________.

(Enter the full name of each plaintiff, plus inmate number (if applicable). Begin the name of each plaintiff on a new line. The entire name of each party should be in capital letters. Descriptive terms such as a party's title or job position should be in normal case.)

vs.

CASE NUMBER: 99-522-CIV-T-23 A
(To be assigned by Clerk)

1. Officer Scott Russell and Polk, County Sheriff office
2. ______________________________,
3. ______________________________,
4. ______________________________.

(Enter the full name of each defendant in the same manner as above. If additional space is required, use the blank area directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

Revised 2/97

IFP

1

## I. PLAINTIFFS:

State your full name, inmate number, and full mailing address in the lines below. Include the name of the institution in which you are confined. Do the same for any additional Plaintiffs:

(A) Plaintiff's name: Derrick T. Williams

Plaintiff's inmate number: 535404

Prison or jail: Prison

Mailing address: washington Correctional Institution
4455 Sam Mitchell Drive
Chipley, Fla. 32428

## II. DEFENDANTS:

State the full name of the defendant, official position, mailing address, and place of employment. Do the same for **every** defendant.

(1) Defendant's name: Scott Russell

Official position: Officer Polk County Sheriff Office

Mailing address: Lakeland Florida

Employed at: Polk County Sheriff Office

(2) Defendant's name: ______

Official position: ______

Mailing address: ______

Employed at: ______

(3) Defendant's name: ______

Official position: ______

Mailing address: ______

Employed at: ______

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

**III. EXHAUSTION OF ADMINISTRATIVE REMEDIES:**

NOTE: THE COURT WILL NOT ACCEPT THE COMPLAINT FOR FILING UNTIL PLAINTIFF(S) FILL OUT THE FOLLOWING REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES. UNDER THE PRISON LITIGATION REFORM ACT OF 1995, 42 U.S.C. § 1997e (AS AMENDED), THIS COMPLAINT IS SUBJECT TO DISMISSAL IF THE CLAIMS PRESENTED HAVE NOT BEEN PROPERLY EXHAUSTED.

A. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?

Yes ( ) No ( ✓ )

[If your answer is YES, answer all the questions in this subsection. If your answer is NO, proceed to subsection III B.]

Exhaustion of administrative remedies pursuant to Fla. Admin. Code Chapter 33-29 is required prior to pursuing a civil rights action concerning events occurring within the Florida Department of Corrections. Any required grievances, appeals, and responses **must** be submitted to the Court to verify exhaustion. Each plaintiff must complete a separate Section III.

**EXHAUSTION STEPS REQUIRED:**

* Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Medical Grievance, Grievance Concerning Violation of Americans with Disabilities Act (ADA), Medical Grievance, Grievance Involving Admissible Reading Material, Grievance Governed by Fla. Admin. Code Rule 33-11.0065 Incentive Gain Time, Grievance Involving Disciplinary Action.

  a. Formal Grievance to Superintendent or to the Office of Secretary (Form DC1-303)
  b. Appeal to the Office of Secretary (Form DC1-303)

* General Grievance

  a. Informal Grievance (Form DC3-005)
  b. Formal Grievance (Form DC1-303)
  c. Appeal to the Office of Secretary (Form DC1-303)

**EXHAUSTION STEPS TAKEN:**

1. Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Medical Grievance, Grievance Concerning Violation of Americans with Disabilities Act (ADA), Grievance Involving Admissible Reading Material, Grievance Governed by Fla. Admin. Code Rule 33-11.0065 Incentive Gain Time, Grievance

Involving Disciplinary Action (these are requests for Administrative Remedy or Appeal, by-passing the informal grievance step).

a. Did you submit your grievance directly to the Superintendent and/or to the Office of Secretary (Form DC1-303)?

Yes ( ) No (✓)

b. If so, you must attach a copy of the grievance and response to this complaint form.

c. Were you denied emergency status or otherwise required to first file an informal grievance?

Yes ( ) No (✓)

d. Did you have a disciplinary hearing concerning this matter?

Yes ( ) No (✓)

e. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this complaint form.

2. Informal Grievance (Request for Interview)

a. Did you submit an informal grievance (Form DC3-005)?

Yes ( ) No (✓)

b. If so, you must attach a copy of the grievance and response to this complaint form.

3. Formal Grievance (Request for Administrative Remedy or Appeal)

a. Did you submit a formal grievance (Form DC1-303)?

Yes ( ) No (✓)

b. If so, you must attach a copy of the grievance and response to this complaint form.

4. Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

a. Did you submit an appeal to the Office of the

Secretary (Form DC1-303)?

Yes ( ) No (✓)

b. If so, you must attach a copy of the appeal and response to this complaint form.

B. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL?

Yes ( ) No (✓)

If your answer is YES, answer the following questions.

1. Is there a grievance procedure at your institution or jail?

Yes (✓) No ( )

2. Did you present the facts relating to your complaint in the prison grievance procedure?

Yes ( ) No (✓)

3. If your answer is YES:

a. What steps did you take?

b. What were the results?

4. If your answer is NO, explain why not:

## IV. PREVIOUS LAWSUITS

NOTE: UNDER THE PRISON LITIGATION REFORM ACT OF 1995, 28 U.S.C. § 1915 (AS AMENDED), NO PRISONER SHALL BRING A CIVIL ACTION OR APPEAL A JUDGMENT IN A CIVIL ACTION UNDER 28 U.S.C. § 1915 IF THE PRISONER HAS, ON 3 OR MORE PRIOR OCCASIONS, WHILE INCARCERATED OR DETAINED IN ANY FACILITY, BROUGHT AN ACTION OR APPEAL IN A COURT OF THE UNITED STATES THAT WAS DISMISSED ON THE GROUNDS THAT IT IS FRIVOLOUS, MALICIOUS, OR FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, UNLESS THE PRISONER IS UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY. THEREFORE, IT IS EXTREMELY IMPORTANT THAT THIS SECTION BE COMPLETED IN **THE MOST TRUTHFUL AND COMPLETE MANNER POSSIBLE.** FAILURE TO GIVE COMPLETE AND TRUTHFUL INFORMATION ABOUT PRIOR CASES CAN RESULT IN THE **DISMISSAL** OF THIS ACTION.

A. Have you initiated other actions in **state** court dealing with the same or <u>similar</u> facts or issues as involved in this action? Yes ( ) No ( )

B. Have you initiated other actions in **federal** court dealing with the same or similar facts or issues as involved in this action? Yes ( ) No (✓)

C. If your answer to either (A) or (B) is YES, describe each action in the space provided below. If there is more than one action, describe all additional actions on a separate piece of paper, using the same format as below.

(1) Parties to previous action:

Plaintiff(s):
Defendant(s):

(2) Court (if federal court, name the district; if state court, name the county):

(3) Docket Number: N/A

(4) Name of Judge:

(5) Briefly describe the facts and basis of the action:

(6) Disposition (Was the case dismissed? If so, why? Did you appeal? What result?):

(7) Approximate filing date:

(8) Approximate disposition date:

D. Have you initiated other actions (other than those listed in (A) or (B)) in state or federal court relating to the fact or manner of your imprisonment or the conditions of your imprisonment? Yes ( ) No (✓)

E. If your answer to (D) is YES, describe each action in the spaces below. Attach additional pages if necessary.

(1) Court (if federal court, name the district; if state, name the county):

(2) Docket Number: N/A

(3) Parties to the previous action
(a). Plaintiff(s):
(b). Defendant(s):

(4) Basis of action:

(5) Is it still pending? Yes ( ) No ( )

## V. STATEMENT OF FACTS:

Using numbered paragraphs, state as briefly as possible the **FACTS** of your case. Describe how each defendant was involved and what each did or did not do to give rise to your claim. Include the names of persons involved, dates, times, and places. State exactly what happened. **DO NOT make any legal arguments or cite any cases or statutes.** You may make copies of these pages and attach additional sheets of paper if needed:

(1) The Petitioner name in this complaint had been involed in a crime on and about 12-28-94 at Circle K Store located at 3808 Decson Rd. Lakeland Florida.

(2) On this said day the Petitioner and a co-defendant was leaving the store by running on feet, in which my co-defendant ran out first from the store officer Scott Russell stated in his Investigative Report that my co-defendant exited the store wearing a Red type shirt with something in his hands. He said that my-co-defendant had been order to stop at which time he said my co-defendant turned towards him and then turned back around running west of the parking lot.

(3.) Officer Scott Russell stated the Petitioner was the second suspect to exit the store still wearing a black ski mask running west. If my co-defendant was running away and he said stop and turned around he had something

V. **STATEMENT OF FACTS:**

Using numbered paragraphs, state as briefly as possible the **FACTS** of your case. Describe how each defendant was involved and what each did or did not do to give rise to your claim. Include the names of persons involved, dates, times, and places. State exactly what happened. **DO NOT make any legal arguments or cite any cases or statutes.** You may make copies of these pages and attach additional sheets of paper if needed:

in his hand. Officer Russell didn't fill that my co-defendant actions place him in fear of his life and he never fired his department Issued .45 cal. handgun at my co-defendant at anytime.

(4.) Would it be unreasonable for the Petitioner to place his on life in danger by stoping and turning around to officer Russell and pointing a gun at him. After he had said he order me to stop.

(5.) If the petitioner is running away from the store and away from the officer then how could he been in fear of his life. I nerver made any threat to shoot officer Russell or to harm him or anyone else. On 12-28-94.

(6) Officer Scott Russell stated the petitioner had a small black semi automatic handgun. but he didn't no what my co-defendant had in his hand just several seconds before I came out the door.

## V. STATEMENT OF FACTS:

Using numbered paragraphs, state as briefly as possible the **FACTS** of your case. Describe how <u>each</u> defendant was involved and what each did or did not do to give rise to your claim. Include the names of persons involved, dates, times, and places. State exactly what happened. **DO NOT make any legal arguments or cite any cases or statutes.** You may make copies of these pages and attach additional sheets of paper if needed:

(7.) By office Scott Russell statement in his Investigation Report that the dispatch advised they were incontact with the clerk that hadn't been harm or in any danger by the petitioner or co-defendant in this crime scene on this 12 month 28th day of 1994.
See Exhibit (A.) Investigation Report
(B.) Investigation Supplemental Insert
(C.) Physical Exam

(8.) The Petitioner state that if he was facing officer Scott Russell why was he not shoot from the front but shoot from the back left leg and left elbow see GSW's on Physical Exam.

VI. **STATEMENT OF CLAIM:**

State as briefly as possible what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim, and relate each claim to the facts in the complaint. If the claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

(1.) The police officer uses more force the necessary with intention of depriving the plaintiff of his Constitutional Rights, this act constitutes violation of Federal law pursuant to civil rights statute Const. Amend 4; 42 U.S.C.A. § 1983.

(2.) With the use of deadly force to effectuate arrest unreasonable seizures, or force implicates fourth amendment protection against unreasonable seizures apprehension by use of deadly force is a seizure subject to the reasonableness requirement of the fourth amendment Const. Amend. 4.

(3) The Plaintiff state in the requirement of the Fourth Amendment doesn't say about how the seizure is made this submission ignores the many cases by balancing the extent of the intrusion against the need for it, has examined the reasonableness of the manner in which a seizure or arrest in conducted the plaintiff intrustion on the fourth - Amendment interest against the importance of the governmental interests alleged to justify the intrustion the factor is extent of

[redacted]. **STATEMENT OF CLAIM:**

State as briefly as possible what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim, and relate each claim to the facts in the complaint. If the claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

the intrusion it is plain that reasonableness depends on not only when a seizure is made, but also how it is carried out.

(4.) The Plaintiff state that officer violated his constitutional Rights as to fourth Amendments Model Penal Code Accurately states fourth Amendment limitations on the use of deadly force against fleeing felons.

(Deadly Force.) The degree of force that may result in the death of the person against who the force is applied. Force likely or may be reasonable or unreasonable depending on the circumstances.

(Seizure) of an individual, within the fourth Amendment can notes the taking of one physically or constructively into custody and detaining him, thus causing a deprivation of his freedom in a significant way, with real interruption of his liberty of movement.

(5.) The Apprehension by use of deadly force is a "seizure" subject to reasonableness requirement of the fourth Amendment. Use of deadly force to

[redacted]. **STATEMENT OF CLAIM:**

State as briefly as possible what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim, and relate each claim to the facts in the complaint. If the claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable, and where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so Const. Amendment (4.)

(6.) Officer Scott Russell allegedly ecessive use of force occurred in the context of a seizure triggering the protection of the fourth Amendment the plaintiff excessive force claims, under objective reasonableness standard under U.S.C.A. § 1983 U.S.C.A. Const. Amend. 4.

(7.) Failure to provide adequate training.
The Plaint also seek a deliberate indifference as to Polk County Sheriff's office failure-to-train officer in dealing with protecting a person civil rights under 42 U.S.C.A. § 1983.

The Plaintiff seek in finding whether law inforcement official's application of deadly force is for purpose of effectuating an arrest or other stop, or for purpose of self-defense, it

## VI. STATEMENT OF CLAIM:

State as briefly as possible what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim, and relate each claim to the facts in the complaint. If the claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

is an acquisition of physical control by law enforcemont official that implicates victim's fourth Amendment interest to be free from unreasonable seizures; thus whether use of deadly force in a particular case is constitutional.

The Plaintiff state's his Civil Rights was violated and that Polk County Sheriff's office failure to train officer Scott Russell to protect the Plaintiff Civil Rights Amounted to debiberate indifference to rights of the plaintiff.

**VII. RELIEF REQUESTED:**

State briefly what relief you seek from this court. Do not make any legal arguments or cite any cases. You may, if you wish, cite statutes which authorize the relief requested, but need not do so.

The Petitioner seek any damges in that the court may find in consitutional violation by officer Scott Russell and Polk County Sheriff's office. In the amount of $300.000 Thosands Dollars. That may come under the §1983 Civil Right Complaint.

**VIII. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

Signed this 28 day of Feb., 1999.

Derrick T. Williams
DC# 535404

(Signature(s) of Plaintiff(s))

CONTINUATION INSERT
(3002C) FL0530000

Exhibit (A)

[002]Title: CRIME SCENE

THE CIRCLE K STORE LOCATED AT 3808 DEESON RD. LKLD., FLORIDA ON THE SOUTH SIDE OF THE ROAD FACING NORTH.

[004]Title: INVESTIGATION

ON 12-28-94 I RESPONDED TO THE ABOVE LOCATION TO INVESTIGATE A ROBBERY IN PROGRESS. UPON MY ARRIVAL AT 0206 I WAS CONTACTED BY THE REPORTEE BILLY G. PEARCE, AT WHICH TIME I LEARNED THAT NO ONE HAD BEEN SEEN EXITING THE STORE, SINCE HIS INITIAL REPORT. BY THIS TIME D/S SESSIONS #606 HAD ARRIVED AS MY BACK UP. I APPROACHED THE STORE AND TOOK POSITION AT THE NORTH EAST CORNER OF THE STORE AND D/S SESSIONS TOOK POSITION AT THE NORTH WEST CORNER. I INITIALLY DID NOT SEE ANYONE INSIDE THE STORE, SO I CONTACTED DISPATCH TO ATTEMPT TO CONTACT SOMEONE VIA THE TELEPHONE AND HAVE THEM STEP OUTSIDE TO ME. I THEN LOOKED BACK INTO THE STORE AND SAW SOME MOVEMENT IN THE OFFICE LOCATED IN THE SOUTH WEST CORNER OF THE STORE, HOWEVER I COULD NOT MAKE OUT WHO IT WAS. THE STORE TELEPHONE THEN RANG AT WHICH TIME I SAW A SUBJECT WEARING A BLACK SKI MASK WALKING FROM THE SAME OFFICE TO THE FRONT OF THE STORE. I ADVISED OVER THE RADIO WHAT I SAW AND REQUESTED MORE BACK UP. SGT. OPITZ ATTEMPTED TO CANCEL THE PHONE CALL, HOWEVER DISPATCH ADVISED THEY WERE ALLREADY INCONTACT WITH THE CLERK. THE DISPATCHER THEN ADVISED THAT THERE WERE TWO SUBJECTS IN THE STORE WITH WEAPONS. I THEN REQUESTED THE SUPERVISOR TO RESPOND AND HOSTAGE NEGOTIATORS. SHORTLY THERE AFTER I HEARD WHAT APPREARED TO BE SOMEONE UNLOCKING THE DOORS TO THE STORE. SEVERAL SECONDS LATER THE FIRST SUSPECT EXITED THE STORE WEARING A RED TYPE SHIRT WITH SOMETHING IN HIS HANDS. I ORDERED HIM TO STOP AT WHICH TIME HE TURNED TOWARDS ME AND THEN TURNED BACK AROUND RUNNING WEST ACROSS THE PARKING LOT AND DOWN DEESON RD. ABOUT THREE OR SO SECONDS LATER THE SECOND SUBJECT EXITED THE STORE STILL WEARING A BLACK SKI MASK RUNNING WEST. I IDENTIFIED MYSELF AND ORDERED HIM TO FREEZE. THE SUBJECT TURNED TOWARDS ME, POINTING A SMALL BLACK SEMI AUTOMATIC HAND GUN AT ME. THE SUSPECTS ACTIONS PLACED ME IN FEAR MY FOR LIFE AT WHICH TIME I FIRED MY DEPARTMENT ISSUED .45 CAL HANDGUN AT THE SUSPECT. THE SUSPECT WHO IS KNOWN AS DERRICK TYRONE WILLIAMS, WAS HIT SEVERAL TIMES. HE TURNED AND TOOK A COUPLE OF STEPS AND FELL FACE DOWN. I THEN APPROACHED THE SUSPECT, DISARMING HIM AND PLACING HIM IN RESTRAINTS. DERRICK T. WILLIAMS HAD TWO WEDDING RINGS AND A WATCH IN HIS LEFT BREAST POCKET, A LARGE AMOUNT OF MONEY WRAPPED WITH A RUBBER BAND IN HIS LEFT FRONT PANTS POCKET, SEVERAL TWENTY DOLLAR BILLS IN HIS LEFT REAR PANTS POCKET AS WELL AS A PINK LIGHTER, AND SOME KEYS IN HIS RIGHT REAR POCKET. THE FIRE DEPARTMENT AND E.M.S. RESPONDED TO ADMINISTER FIRST AID TO WILLIAMS, WHO WAS SHORTLY THERE AFTER TRANSPORTED TO L.R.M.C. D/S LICKENFELT #648 RODE IN THE AMBULANCE WITH THE ARRESTEE. D/S SLEATER #631 RESPONDED TO SET PERIMETER AS WELL AS D/S DOYLE #626. D/S BUCKNER #162K ALSO RESPONDED TO ATTEMPT A K-9 TRACK FOR THE OTHER SUSPECT, WHOM WAS APPREHENDED BY D/S BUCKNER AND SESSIONS, A SHORT DISTANCE TO THE WEST OF THE STORE. HE WAS HIDDING IN A RED CHEVEROLET. I ASSISTED D/S SESSIONS BY PATTING THE OTHER



REPT. DEPUTY : RUSSELL, SCOTT
EMP.# : 3176

POLK COUNTY SHERIFF'S OFFICE []Inc #:94159842
POLK COUNTY BARTOW, FL

SUPPLEMENTAL INSERT
(9002S) FL0530000

Exhibit (B)

JAN 0 2 1995

[001]Rel #:________ [002].....:N/A

[003]Victim:MAYNARD, RONALD J. [004]Sup Rpt Date/Time:122894 [005]0530

[006]Orig Code/Offense:812.13 [007]ROBBERY

[009]Zone:042 - West [010]Grid:302723

INVESTIGATION:

UPON ARRIVAL AT LRMC, I MET WITH D/S M.LICKENFELT. I THEN TOOK CUSTODY OF DERRICK T. WILLIAMS FROM D/S LICKENFELT. WHILE I HAD CUSTODY OF DERRICK, HE WAS TREATED BY NANCY C. MOODY, P.A. AND JOESPH M. MANSY, M.D.

1. DURING DERRICK'S TREATMENT BY NANCY, I HEARD NANCY ASK DERRICK:
-"WHAT HAPPEN TONIGHT?"
-I HEARD DERRICK REPY,"I WAS ROBBING A STORE AND THE DEPUTY SHOT ME."
-NANCY THAN ASKED DERRICK,"YOU WERE ROBBING A STORE AND A DEPUTY SHOT YOU?"
-I HEARD DERRICK REPLY,"YEH."
-NANCY THAN ASKED,"DID YOU SHOOT?"
-I HEARD DERRICK REPLY,"NO I WAS RUNNING."
-NANCY THAN ASKED,"WERE YOU GOING TO SHOOT THE DEPUTY?"
-I HEARD DERRICK REPLY,"NO."

2. DURING DERRICK'S TREATMENT BY JOESPH M.MANSY, MD, I HEARD JOSEPH ASK DERRICK:
-"WERE YOU LYING DOWN WHEN YOU GOT SHOT?"
-I HEARD DERRICK SAY," NO, I WAS GETTING READY TO RUN."
-JOESPH THAN ASKED," HOW FAR WAS THE GUN THAT SHOT YOU?"
-I HEARD DERRICK REPLY,"ABOUT 5 FEET?"

I THEN GATHERED DERRICK'S CLOTHING AND TRANSPORTED THEM BACK TO THE CRIME SCENE. ONCE AT THE CRIME SCENE I TURNED THEM OVER TO CRIME SCENE TECHNICIAN S. RAUCH, 230H.

REPT. DEPUTY : BENNETT, HERB E. EMP.# : 3762
REGION/SECTION : PATROL WEST REGION (4)
ASSIGN TO : ________
EXTRA COPIES TO : ________ ROUTE TO : Investigations
CLEARANCE O ________ TYPE ________
SUPERVISOR [signature] EMP.# : 1458 PAGE 1 Of 2

# PHYSICAL EXAM

Exhibit C




Temp 98 Pulse 80 Resp 18
Hgt 5'6" Wgt 126 B/P 1?/70

| | | N | A/Comment |
|---|---|---|---|
| Skin | Color<br>Condition<br>Turgor<br>Recent Injury | | GSW's to (L) leg et elbow |
| Head | Glasses<br>Pupils<br>Sclera<br>Conjunctiva<br>Vision | Ø<br>E/E<br>white<br>pink<br>N | |
| Ears | Appearance<br>Canals<br>Hearing | N<br>N<br>N | |
| Mouth | Teeth & Gums<br>Dentures/Plates<br>Throat<br>Tongue<br>Tonsils | Good condition<br>Ø<br>pink<br>moist<br>N | |
| Nose | | N | |
| Neck | Veins<br>Mobility<br>Thyroid<br>Carotids<br>Lymph nodes | N<br>N<br>N<br>N<br>N | |
| Chest (Breasts) | Configuration<br>Auscultation<br>Respirations<br>Cough/Sputum | Clear unlabored<br>18<br>Ø | |
| Heart | Auscultation<br>Radial Pulses<br>Apical pulse<br>Rhythm | —<br>[illegible]<br>80<br>— | |
| Extremities | Pulses<br>Edema<br>Joints | | GSW's to (L) leg et elbow |
| Spine | | N | |
| Abdomen | Shape<br>Bowel sounds<br>Palpation<br>Hernia | flat<br>+4<br>Non tender<br>Ø | |
| Genital/Urinary System | | Denies any problem | |

COMMENTS See nurses notes for complete assessment

[illegible signature] 12/30/94
Examiner's signature Date

[illegible signature] 12/30/94
Reviewer's signature Date

M.D.'s signature Date

IN THE UNITED STATES DISTRICT COURT
FOR THE [redacted] DISTRICT OF FLORIDA
Middle

1. Derrick T. Williams
PLAINTIFF/PETITIONER

2. ______________________
PLAINTIFF/PETITIONER

v. Case No.

1. Scott Russell
DEFENDANT/RESPONDENT

2. ______________________
DEFENDANT/RESPONDENT
_____________________________/

## PRISONER CONSENT FORM AND FINANCIAL CERTIFICATE

(Must Be Completed By All Prisoners)

I, Derrick T. Williams, plaintiff/petitioner in the above-entitled action, understand that:

1. If I submit a petition for writ of habeas corpus in this court, the filing fee is $5.00. I must pay such fee if my current prison account balance (line #1, Financial Certificate below), my average account balance (line #2, below), or my average monthly deposits (line #3, below), is $25.00 or more.

2. If I submit a civil complaint (e. g., a civil rights action under 42 U.S.C. § 1983 or 28 U.S.C. § 1331), pursuant to the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915 (as amended), I must pay the $150.00 filing fee in full. This means that, regardless of the court's disposition of my case (which may include dismissal), I AM STILL OBLIGATED TO PAY THE ENTIRE $150.00 FILING FEE, and:

(a) I must request that an authorized official at my present place of confinement complete the Financial Certificate below and attach a computer print-out reflecting all transactions in my prison account for the six month period preceding the filing of my complaint. If I have not been incarcerated at this institution for six months, I must also obtain account print-out(s) from each penal facility at which I may have been confined during the relevant six month period and provide the print-out(s) to the authorized official completing my Financial Certificate. If I fail to provide print-outs for the entire six month period or do not satisfactorily explain my inability to do so to the court, my motion to proceed *in forma pauperis* may be denied; and

(b) If my current account balance (line #1, below) is more than $200.00, I will not qualify for *in forma pauperis* status and I must pay the full filing fee of $150.00 before I will be allowed to proceed with the action; and

(c) If I do NOT have more than $200.00 in my account (line #1, below), before this action can proceed I will submit, upon order of the court, the initial partial filing fee, which shall be 20% of my average monthly balance (line #2, below) or the average monthly deposits to my account (line #3, below), whichever is greater. My failure to submit the initial partial filing fee as ordered by the court may result in the dismissal of this action and in the relinquishment of any right to proceed *in forma pauperis* in future actions; and